UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

CHARLES COLLINS,
TRACY ADAMS,
on behalf of her minor child, D. A.,
CALEB ROBERTS,
STEPHEN JANSEN,
GREGORY CHAMBERS, and
ALICIA SILVESTRE,

       Plaintiffs,

       v.                     Case No. 17-CV-00234-JPS

THE CITY OF MILWAUKEE,
THE MILWAUKEE FIRE AND
POLICE COMMISSION, and
EDWARD FLYNN,

       Defendants.
_____

**[PROPOSED] ORDER REGARDING THE
PRODUCTION OF DOCUMENTS AND ELECTRONIC DATA**
_____

      WHEREAS, representatives of the Plaintiffs and Defendants have met and conferred on the procedures and format relating to the production of documents and electronic data, and having agreed on a format for all such productions, it is SO ORDERED:

      1.    **General Format of Production**.  The parties agree to produce documents either (i) as electronic images with associated text files and metadata or (ii) in native format, as further described herein.

      2.    **ESI Production**.  The parties agree to produce Electronically Stored Information ("ESI") with the exception of inaccessible storage media as described

1

below. ESI will be searched on a custodian and search term basis, with appropriate Boolean and proximity operators, as well as date/time limitations, as described in Paragraph 13. With respect to production of ESI, the parties agree upon the following:

    a. E-mail will be produced as image files with related searchable text and metadata (to the extent it exists).

    b. Other electronic documents including word-processing documents, spreadsheets, presentations and all other electronic documents not specifically discussed elsewhere will be produced as image files with related searchable text and metadata (to the extent it exists) except for:

        1. Excel files will be produced in native format with related searchable text and metadata (to the extent it exists). Where a party redacts a portion of an Excel spreadsheet, the parties will meet and confer regarding production of the document in Tagged Image File Format ("TIFFs" or ".tiff format");

        2. The parties will discuss any specialized databases that are responsive to the parties' requests and reach agreement on production before any such production;

        3. The parties will discuss reasonable requests for production in native format on a document-by-document or category-by-category basis; and

4. The parties shall meet and confer on a production protocol for native files.

3. **Hard Copy (or Paper) Documents**. The parties agree to produce hard-copy documents as image files with related OCR text to the extent such documents are converted into electronic format. At this time each party contemplates converting all hard-copy documents into electronic images for production purposes and agrees to address any exceptions with the other parties. The parties shall meet and confer to discuss documents that present imaging or formatting problems. To the extent exceptions to the foregoing are required, the parties will meet and confer to discuss alternative production requirements, concerns, or formats.

4. **Form and Manner of Production**. All production document images will be provided as single-page Tagged Image File Format ("TIFFs" or ".tiff format") compatible with commercially available document management software, such as Relativity or Concordance. All images generated from hard copy documents shall be scanned as black and white images at 300 d.p.i. resolution and shall be saved and produced in a Group 4 compression single-page "TIFF" format and reflect, without visual degradation, the full and complete information contained on the original document. All images generated from native electronic documents with the exception of source code, dynamic web pages, and web content, shall be saved electronically (or "printed") in a Group 4 compression single-page "TIFF" image that reflects the full and complete information contained on the original document. The parties shall produce a "load file" that is compatible with a commercially available document management software, such as Relativity or Concordance, to accompany the images, which load file

3

shall include information about where each document begins and ends to facilitate the use of the produced images through a document management or litigation support database system. The parties shall meet and confer to the extent reasonably necessary to facilitate the import and use of the produced materials with commercially available document management or litigation support software.

5. **Document Unitization**. To the extent possible and on a going-forward basis, the parties will endeavor to apply unitization practices consistent with the following description. Each page of a hard copy document shall be scanned into an image and if a document is more than one page, the unitization of the document and any attachments shall be maintained as it existed in the original when creating the image file. For documents that contain fixed notes, the pages will be scanned both with and without the notes and those pages will be treated as part of the same document. The relationship of documents in a document collection (e.g., cover letter and enclosures, email and attachments, binder containing multiple documents, or other documents where a parent-child relationship exists between the documents) shall be maintained through the scanning or conversion process. If more than one level of parent-child relationship exists, documents will be kept in order, but all will be treated as children of the initial parent document. Such information shall be produced in the load file, as hereafter defined, in a manner to enable the parent-child relationship among documents in a document collection to be reconstituted by the receiving party in commercially available document management software, such as Relativity or Concordance.

6. **Color**: Unless a specific request is made, documents shall be produced in gray scale.

4

7. **Duplicates**. Where a single document has more than one identical copy of a document (i.e., the documents are visually the same and contain the same electronic text), the parties need only produce a single copy of that document.

8. **Bates Numbering**. The parties agree to produce imaged documents with a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not obliterate, conceal, or interfere with any information from the source document. No other legend or stamp will be placed on the document image other than a confidentiality legend (where applicable) and redactions (consistent with the Protective Order in this matter, or any other protective orders agreed to in the future), and the Bates Number identified above. The confidential legend shall be "burned" onto the document's image at a location that does not obliterate or obscure any information from the source document. With respect to the identification of files produced in their native format, the parties shall confer on an appropriate method for applying a unique identifier to each file produced.

9. **File Naming Conventions**. Each page image file shall be named with the unique Bates Number of the page of document, followed by the extension ".TIF". In the event the Bates Number contains a symbol and/or character that cannot be included in a file name, the symbol and/or character will be omitted from the file name.

10. **Production Media**. The parties agree to produce documents on CD-ROM, DVD, external hard drive, or such other readily accessible computer or electronic media as the parties may hereafter agree upon (the "Production Media"). The type of materials on the media (e.g., "Documents", "OCR Text", etc.) and the Bates Number range(s) of the materials on the Production Media shall also be contained on the

5

Production Media, and where not practicable to do so may be provided in an accompanying letter.

11. **Meta-Data Fields and Processing**.  Each of the metadata and coding fields set forth in **Appendix 1** that can be extracted shall be produced for that document. The parties are not obligated to manually populate any of the fields in **Appendix 1** if such fields cannot be extracted from a document, with the exception of the following: BEGBATES, ENDBATES, BEGATTACH, ENDATTACH; CUSTODIAN, CONFIDENTIALITY, REDACTED, OTHER_CUSTODIAN, and CDVOLUME.  The parties agree that the OTHER_CUSTODIAN field should be populated by the party or the party's vendor to identify other custodians in possession of the document before deduplication was applied to the data set.  The parties will make reasonable efforts to ensure that metadata fields automatically extracted from the documents are correct.

12. **OCR/Extracted Text**.  The parties will produce corresponding Optical Character Recognition ("OCR") text files for all hard-copy documents and any electronic documents that require redaction prior to production.  For documents that exist natively in electronic format that have not been redacted and that are produced as images, the parties shall produce extracted text files reflecting the full text that has been electronically extracted from the original, native electronic files.  The OCR and extracted text files shall be produced in ASCII text format and shall be labeled and produced on Production Media in accordance with the provisions of paragraph 10. These text files will be named with the unique Bates Number of the first page of the corresponding document followed by the extension ".txt."  The OCR and extracted text files shall be produced in a manner suitable for importing the information into

6

commercially available document management or litigation support software such as Concordance.

13. **Use of Search Terms**. Plaintiffs shall first provide Defendants with an initial listing of search terms they propose Defendants use to search for documents and relevant ESI, and Defendants shall have the opportunity to propose modifications to those search terms, including the use of appropriate Boolean and proximity operators. Either party may also propose custodians and date limitations for searches. After the parties agree on an initial set of search terms, the parties shall conduct a further meet and confer to determine whether modifications should be made to those search terms, including the use of appropriate Boolean and proximity operators. The parties will produce potentially-relevant ESI in their possession according to the agreed search terms, custodians, and date ranges.

    a.    Each party shall be provided with an opportunity to propose additions or amendments to the search procedures and terms;

    b.    The parties acknowledge that the agreement to the use of such search procedures and terms shall not be construed as a waiver of any party's right to request subsequent searches and productions; particularly where there is a showing that the agreed-to search terms and procedures have resulted in inadequate productions or failed to identify relevant materials. The parties reserve their right to object to any additional requests or subsequent searches;

    c.    The parties will produce ESI on a rolling basis so as to provide each other with documents as expediently as possible; and

    d.    Documents identified by search terms may be reviewed for privilege, confidentiality, redactions and relevance or responsiveness prior to production.

14. **Original Documents**. The parties will retain the original hard-copy and ESI documents. Subject to preservation of appropriate privileges and other protections, the parties will consider reasonable requests, after any necessary meet and confer, to produce the original copy and ESI documents of specific documents or groups of documents, or where a document existed originally in only hard copy format, make originals of any produced document available for inspection by the requesting party in the form in which such documents are kept in the ordinary course of business.

15. **Inaccessible or Not Reasonably Accessible Storage Media**. The parties will take reasonable steps to collect potentially relevant ESI stored on servers, work stations, and readily accessible drives and databases. The parties shall discuss sources of potentially relevant information deemed "not reasonably accessible." Where a party seeks production of information from sources designated by another party as "not reasonably accessible," the parties shall meet and confer in an effort to resolve any disagreements before seeking relief from the Court.

17. **Incorporation by Reference of Protective Order**. The provisions of the any Protective Orders entered in the above-captioned case shall be incorporated by reference into this Order, including but not limited to the provisions relating to the

identification, use, and restrictions on Confidential and Attorneys Eyes Only information and information subject to a claim of privilege.

18. **Costs of Production**. Each party shall bear its own costs of production.

Dated at Milwaukee, Wisconsin, this ___ day of May, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

# Appendix 1: Metadata and Coding Fields

The Parties agree to produce a metadata database load file with following fields in the order displayed below.  The Parties agree that all fields with an asterisk* will not be required to be produced if the files require redaction.

| Field Name | Field Description |
|---|---|
| BEGBATES | Beginning Bates number as stamped on the production image |
| ENDBATES | Ending Bates number as stamped on the production image |
| BEGATTACH | First production Bates number of the first document in a family |
| ENDATTACH | Last production Bates number of the last document in a family |
| CUSTODIAN | Individual from whom the documents originated |
| OTHER_CUSTODIAN | Individual(s) that had electronic files that were removed due to de-duplication |
| DOCTYPE | Description of document (Email, Attachment, Edoc, Hard Copy) |
| EXTENSION | Characters of the filename indicating the relevant program used to open the file (file extension) |
| FULLPATH* | The directory structure of the original file(s).  Any container name is included in the path. |
| HASHVALUE | The MD5 or SHA-1 hash value. |
| NATIVELINK | Native File Link for agreed upon native files, if applicable (for example Excel files) |
| SUBJECT* | Subject line of email |
| DATESENT | Date email was sent (format: MM/DD/YYYY) |
| TIMESENT | Time email was sent |
| PARENT_DATE | The date of the parent email should be applied to the parent email and all of the email attachments. |
| TO | All recipients that were included on the "To" line of the email |
| FROM | The name and email address of the sender of the email |
| CC | All recipients that were included on the "CC" line of the email |
| BCC | All recipients that were included on the "BCC" line of the email |
| AUTHOR | Any value populated in the Author field of the document properties |
| FILENAME* | Filename of an electronic document, loose files and attachments to email. |
| DATEMOD | Date an electronic document was last modified (format: MM/DD/YYYY) |
| DATECREATED | Date the document was created (format: MM/DD/YYYY) |
| REDACTED | Yes should be populated if a document contains a redaction. |
| CONFIDENTIALITY | The confidential designation should be populated. |
| CDVOL | The Production CD volume name. |
| TIMEZONE | Three letter reference to reflect time zone that data was processed in, as agreed between parties |