# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHARLES COLLINS, TRACY ADAMS, *on behalf of her minor child, D.A.*, CALEB ROBERTS, STEPHEN JANSEN, GREGORY CHAMBERS, ALICIA SILVESTRE, JERIMIAH OLIVAR, DAVID CROWLEY, and JEREMY BROWN,<br><br>     Plaintiffs,<br><br>v.<br><br>CITY OF MILWAUKEE, MILWAUKEE FIRE AND POLICE COMMISSION, and CHIEF EDWARD FLYNN, *in his official capacity as the Chief of the Milwaukee Police Department*,<br><br>     Defendants. | Case No. 17-CV-234-JPS<br><br><br><br><br><br>**ORDER** |

    On June 7, 2016, the parties jointly requested entry of a stipulated protective order and submitted a proposed draft of the order. (Docket #21). The parties request that the Court enter such an order so that they may avoid the public disclosure of confidential information and documents. *Id.* at 1–2. Federal Rule of Civil Procedure Rule 26(c) allows for an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G); *see also* Civil L. R. 26(e).

    The Court sympathizes with the parties' request and will grant it, but, before doing so, must note the limits that apply to protective orders. Protective orders are, in fact, an exception to the general rule that pretrial

discovery must occur in the public eye. *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); Fed. R. Civ. P. 26(c); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Litigation must be "conducted in public to the maximum extent consistent with respecting trade secrets. . .and other facts that should be held in confidence." *Hicklin Eng'r, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

Nonetheless, the Court can enter a protective order if the parties have shown good cause, and also that the order is narrowly tailored to serving that cause. Fed. R. Civ. P. 26(c); *Citizens First*, 178 F.3d at 945; *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (even when parties agree to the entry of a protective order, they still must show the existence of good cause). The Court can even find that broad, blanket orders are narrowly tailored and permissible, when it finds that two factors are satisfied:

> (1) that the parties will act in good faith in designating the portions of the record that should be subject to the protective order; and
>
> (2) that the order explicitly allows the parties to the case and other interested members of the public to challenge the sealing of documents.

*County Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2006) (citing *Citizens First*, 178 F.3d at 945).

The parties have requested the protective order in this case in good faith. This case involves alleged constitutional violations arising from the City of Milwaukee police force's stop-and-frisk policies. Information implicated in this case includes personally identifying information and criminal histories for numerous individuals, including minors, confidential

informants, crime victims, City employees, and others. The case also concerns the City's financial information. These are sufficient bases for the requested protective order.

The parties' proposed protective order, however, appears overbroad. It provides that, if the parties need to file any such documentation with the Court, they may do so by filing the documents with the Court under seal. In other words, it appears that the parties wish to be able to seal—in their entirety—any documents that contain sensitive information. This departs from the Court's desire to ensure that every phase of the trial occurs in the public eye to the maximum extent possible. *See Hicklin Eng'r*, 439 F.3d at 348. While the Court understands that some documents will need to be sealed entirely, other documents may contain only small amounts of confidential information, and so redaction of those documents may be more appropriate.

The Court, thus, has crafted its own protective order to enter in this case. The Court's protective order still allows the parties to file documents under seal, but does not presume that every confidential document should be filed under seal in its entirety. Rather, it contemplates that the parties will use their judgment to determine the best way to protect confidential information in submitted documents. The order also includes a provision consistent with the Court's and this district's standard practice of allowing any party and any interested members of the public to challenge the sealing of documents.

Finally, the Court must note that, while it finds the parties' proposed order to be permissible and will, therefore, enter it, the Court subscribes to the view that the Court's decision-making process must be transparent and

as publicly accessible as possible. Thus, the Court preemptively warns the parties that it will not enter any decision under seal.

Because the parties' proposed protective order adequately complies with the standards set forth above (after the Court's minor changes), the Court will enter an order based on the parties' joint motion and proposed order to the Court.

Accordingly,

Pursuant to the joint motion of the parties (Docket #21), the Court finds that the exchange of sensitive information between the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties and to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of this Order.

This Protective Order shall apply to all information and documents disclosed by the parties, either voluntarily or pursuant to a request for the production of documents or a subpoena duces tecum, in the course of this litigation, whether written, electronic, oral, visual, or contained in documents, transcripts, or in any other form.

**IT IS THEREFORE ORDERED** that, pursuant to Civil Local Rule 26(e) and Federal Rule of Civil Procedure 26(c)(1)(D),

**(A) DESIGNATION OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION.** Designation of information under this Order must be made by placing or affixing on the document or material, in a manner that will not interfere with its legibility, the words "CONFIDENTIAL" or "ATTORNEYS EYES ONLY."

(1) One who produces information, documents, or other material may designate them as "CONFIDENTIAL" when the person in good faith believes they contain the following types of information:

    (a) personally-identifying information, including dates of birth, social security numbers, home addresses, and phone numbers;

    (b) information which can in any way identify a juvenile;

    (c) information which can in any way identify a confidential informant;

    (d) financial information, including banking-related account numbers; the identification of any financial institution, along with any individual who maintains an account with that institution; income tax information and mortgage related information; and credit histories;

    (e) health-care-related information, including information related to physical, psychological or general medical care or treatment (including psychotherapy or other counseling, and substance abuse or substance abuse treatment);

    (f) emergency-contact information provided by employees, persons arrested or in custody, complainants, or witnesses;

    (g) information which can in any way identify the spouse, child(ren), or other family members of any City of Milwaukee employee or named Plaintiff;

    (h) information related to divorce or child custody disputes;

    (i) information which can in any way identify the victim of a sexual assault, attempted sexual assault, rape, attempted rape, or domestic violence;

(j) information which is required to be treated as confidential pursuant to statute or common law, including but not limited to applicable domestic and foreign data privacy laws;

(k) personnel or employment records of a person who is not a party to the case;

(l) identities of individuals, excluding the named Plaintiffs, who were stopped by police;

(m) data that contains identifying information such as tattoos with full names or statements in any "narrative" fields that could identify the individual stopped; and

(n) information concerning any internal investigation, discipline, or training of any individual, including but not limited to, individual background investigation reports, drug screening, or records of performance or training after hire.

(2) One who produces information, documents, or other material may designate them as "ATTORNEYS EYES ONLY" when the person in good faith believes that they contain particularly sensitive nonpublic confidential law enforcement information (i.e., information that is integral to the safety of police officers and their families, including but not limited to information regarding the locations of police officer deployment posts and police officer deployment maps) that requires protection beyond that afforded by a "CONFIDENTIAL" designation.

(3) Except for information, documents, or other materials produced for inspection at the Party's facilities, the designation of confidential information as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" must be made prior to, or contemporaneously with, their production or disclosure. In the event that information, documents, ESI or other materials

are produced for inspection at the Party's facilities, such information, documents, or other materials may be produced for inspection before being marked confidential. Once specific information, documents, or other materials have been designated for copying, any information, documents, or other materials containing confidential information will then be marked "CONFIDENTIAL" after copying but before delivery to the Party who inspected and designated them. There will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and marked confidential pursuant to this procedure.

(4) Portions of depositions of a Party's present and former officers, directors, employees, agents, experts, and representatives will be deemed confidential only if designated as such when the deposition is taken, or within 30 days of receipt of the deposition transcript.

**(B) DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION.** Information, documents, or other materials designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" under this Order must not be used or disclosed by the Parties or counsel for the Parties or any persons identified in subparagraphs (B)(1) and (2) below for any purposes whatsoever, other than preparing for and conducting the litigation in which the information, documents, or other materials were disclosed (including appeals). The parties must not disclose information, documents, or other material designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes have been certified. Nothing in this Order prohibits a receiving party that is a government agency from following its routine uses and sharing such information, documents or other material with other government agencies or self-regulatory organizations as allowed by law.

Once designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY," such designated testimony, information, or documents, including any portion thereof and any summaries, abstracts, or other information derived therefrom, shall be used solely for the purposes directly related to the prosecution or defense of the above-captioned lawsuit, and not for any governmental purpose or function whatsoever, and not in connection with any other action or proceeding.

(1) CONFIDENTIAL INFORMATION. The Parties and counsel for the Parties must not disclose or permit the disclosure of any information, documents or other materials designated as "CONFIDENTIAL" by any other Party or third party under this Order, except that disclosures may be made in the following circumstances:

(a) Disclosure may be made to the Parties and the Parties' counsel.

(b) Disclosure may be made to employees of counsel for the Parties or, when the Party is a government entity, employees of the government, who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the Parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other materials be held in confidence, and must complete the Confidentiality Agreement, attached hereto as Exhibit A.

(c) Disclosure may be made only to employees of a Party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(d) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material.

(e) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the Parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence and must complete the Confidentiality Agreement, attached hereto as Exhibit A. Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

(f) Disclosure may be made to persons already in lawful and legitimate possession of such CONFIDENTIAL information.

(g) Disclosure may be made to any other individual, provided that the Party who designated the material as CONFIDENTIAL consents to the disclosure.

(2) ATTORNEYS EYES ONLY INFORMATION. The Parties and counsel for the Parties must not disclose or permit the disclosure of any information, documents, or other materials designated as "ATTORNEYS EYES ONLY" by any other Party or third party under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(a) Disclosure may be made to the parties' counsel.

(b) Disclosure may be made to employees of counsel for the Parties who have direct functional responsibility for the preparation

and trial of the lawsuit. Any such employee to whom counsel for the Parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence and must complete the Confidentiality Agreement, attached hereto as Exhibit A.

  (c) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material.

  (d) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence and must complete the Confidentiality Agreement, attached hereto as Exhibit A.

  (e) Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

  (f) Disclosure may be made to persons already in lawful and legitimate possession of such ATTORNEYS EYES ONLY information.

  (g) Disclosure may be made to any other individual, provided that the Party who designated the material as "ATTORNEYS EYES ONLY" consents to the disclosure.

**(C) MAINTENANCE OF CONFIDENTIALITY.** Except as provided in subparagraph (B), counsel for the parties must keep all information, documents, or other material designated as confidential that are received under this Order secure within their exclusive possession and must place such information, documents, or other material in a secure area.

(1) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of information, documents, or other material designated as confidential under this Order, or any portion thereof, must be immediately affixed with the words "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" if not already containing that designation.

(2) To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court utilizing the procedures set forth in General Local Rule 79(d). If a court filing contains information, documents, or other materials that were designated "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" by a third party, the Party making the filing shall provide notice of the filing to the third party.

To the extent that any of such records are filed with the Court, or are substantively incorporated in any papers to be filed with the Court, the records and papers must be redacted only to the extent necessary. If the parties seek to seal a document, either in part or in full, they must file a motion to seal that document, together with a redacted copy on the record. They must also simultaneously file unredacted copies under seal with the Clerk of Court in an envelope marked "SEALED." A reference to this rule

may also be made on the envelope. The parties shall act in good faith in designating records to be filed, in whole or in part, under seal.

**(D) CHALLENGES TO CONFIDENTIALITY DESIGNATION.** A Party may challenge the designation of material as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" by sending written notice to the designating Party specifying the information as to which such removal is sought and the legal and/or factual basis for the request. Within ten (10) days of such notice, the Parties shall meet and confer. If the Parties cannot reach agreement concerning the matter within ten (10) days after notice, then the designating Party may file a motion. The movant must accompany such a motion with the statement required by Civil Local Rule 37. The designating Party bears the burden of proving that the information, documents, or other material at issue are properly designated as confidential. Any such motion must be filed and served within ten (10) days after the expiration of the 10-day period for reaching agreement referred to previously or as otherwise agreed to by the Parties in writing.

Additionally, an interested member of the public may challenge a designation of confidentiality by motion. The movant must accompany such a motion with the statement required by Civil Local Rule 37. The party prevailing on any such motion is entitled to recover as costs its actual attorney fees and costs attributable to the motion.

**(E) INADVERTENT DISCLOSURE OF CONFIDENTIAL OR ATTORNEYS EYES ONLY OR PRIVILEGED INFORMATION.** A Party who has inadvertently failed to designate certain documents or information as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" may do so after the discovery of the inadvertent failure to designate, without waiving the CONFIDENTIAL or ATTORNEYS EYES ONLY status of those documents

or information. Thereafter, the receiving Party must return the original information and all copies of the same to the producing Party, sequester the original information and all copies of the same, or add the appropriate designation to the original information and all copies of the same. A Party who has inadvertently produced privileged information does not waive any privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privilege- or work-product-protected documents in this case as part of a large production is not itself a waiver in this case or any other federal or state proceeding. A producing party may assert privilege or protection over produced documents within thirty (30) days of production by notifying the receiving party in writing of the assertion of privilege or protection. In addition, information that contains privileged matter or attorney work product shall be immediately sequestered if such information appears on its face to have been inadvertently produced. When any Party identifies such privileged or protected information, the Party that received the privileged document or information: (1) shall not use, and shall immediately cease any prior use of, such information; (2) shall take reasonable steps to retrieve the information from others to which the receiving Party disclosed the information; (3) shall within five (5) business days of the producing Party's request sequester the information and all copies thereof; and (4) shall confirm to the producing Party the sequester of all copies of the information. Only after complying with steps 1 through 4 above, may the receiving party challenge any claim of privilege or protection by the producing party.

**(F)** Nothing herein shall be construed to affect in any way the admissibility of any testimony, document, or other evidence.

**(G)** Nothing herein shall be construed to limit in any way any Party's use of its own CONFIDENTIAL information.

**(H) CONCLUSION OF LITIGATION.** At the conclusion of the litigation, a Party may request that all information, documents, or other material not filed with the Court or received into evidence and designated as CONFIDENTIAL or ATTORNEYS EYES ONLY under this Order be returned to the originating Party or, if the Parties so stipulate, destroyed, unless otherwise provided by law. Notwithstanding the requirements of this paragraph, a Party may retain a complete set of all documents filed with the Court, subject to all other restrictions of this Order.

**(I)** This Protective Order shall continue in effect after termination of this action and continue to be binding on all persons to whom CONFIDENTIAL information was disclosed.

**(J)** If CONFIDENTIAL information is disclosed to or comes into the possession of any person other than in the manner authorized in this Protective Order, the Party responsible for the disclosure must immediately inform the other persons in possession of such CONFIDENTIAL information pursuant to the terms of this Protective Order of all pertinent facts relating to such disclosure and shall make reasonable efforts to prevent further disclosure by each unauthorized person who received CONFIDENTIAL information.

**(K)** Any person in possession of CONFIDENTIAL information who receives a public records request or subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments, bodies, boards, or associations) who is not a party to this Protective Order, seeking production or other disclosure of another party's CONFIDENTIAL information, shall promptly

give telephonic notice and written notice to counsel for the designating party, person or entity, enclosing a copy of the subpoena or other process. In no event shall production or other disclosures be made before the later of (a) thirty (30) days following the date on which notice is given, or (b) the return date of the subpoena, unless otherwise required by applicable law or by court order.

Dated at Milwaukee, Wisconsin, this 14th day of June, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge