UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHARLES COLLINS,
TRACY ADAMS,
  *on behalf of her minor child, D.A.,*
CALEB ROBERTS,
STEPHEN JANSEN,
GREGORY CHAMBERS,
ALICIA SILVESTRE,
DAVID CROWLEY,
JEREMY BROWN, and
JERIMIAH OLIVAR,

      Plaintiffs,

  v.

CITY OF MILWAUKEE,
MILWAUKEE FIRE AND
POLICE COMMISSION, and
EDWARD FLYNN,

      Defendants.

Case No. 17-CV-234

---

## ORDER ON DEFENDANTS' MOTION
## FOR ENTRY OF A PROTECTIVE ORDER

---

Pursuant to Milwaukee Police Department Standard Operating Procedure 730 ("SOP 730"), video and audio recorded by the MPD's in-vehicle cameras (hereinafter "dash-cam video") is normally retained for 120 days from the date of creation. Due to the litigation hold in this matter (filed February 22, 2017), and in response to the plaintiffs' preservation requests, the MPD has been retaining this dash-cam video beyond the 120-day retention period. The Court has considered the needs of the litigation and the respective arguments of the parties. *See* Minute

Sheet for Telephonic Oral Argument, ECF No. 28; Minute Sheet for Telephonic Status Conference, ECF No. 29.

As a result of the on-going preservation of this dash-cam video, the MPD has submitted an affidavit representing that it will eventually run out of its electronic storage space absent costs totaling over $260,000.00 (i.e., purchasing of additional electronic-storage capability) or Court relief, which the defendants have now requested the Court provide. *See* Defendants' Expedited Non-Dispositive Motion for Entry of a Protective Order, ECF No. 24. The defendants have represented, through affidavit, to the Court that, if the MPD's electronic-storage space runs out, all of MPD's data systems will stop operating—not just the MPD's in-vehicle camera system—which are critical to the daily operations of the MPD. The plaintiffs have represented that dash-cam video is relevant to and highly probative of the merits of the litigation and discovery of it is appropriate. *See* Plaintiffs' Response, ECF No. 26. The plaintiffs also argue that some burdens and costs are inevitable in litigation concerning significant constitutional claims regarding appropriate MPD treatment of minority Milwaukee citizens.

Having considered the above, the Court proposed to the parties a resolution regarding the preservation of dash-cam video in this action: the MPD shall preserve the dash-cam video that it has already preserved—subject to the litigation hold and the plaintiffs' preservation requests—that pre-dates the February 22, 2017 filing of this lawsuit; otherwise, the MPD need not retain dash-cam video that post-dates the February 22, 2017 filing of this lawsuit, beyond the standard 120-day retention

period, as provided in SOP 730, for purposes of this lawsuit. All parties have agreed to the reasonableness of the Court's proposed resolution, with the understanding that the MPD will be required to move pre-lawsuit dash-cam video off its servers (thereby freeing up electronic storage) to another drive system, so that the recordings will be preserved.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendants' Motion for Entry of Protective Order, ECF No. 24, is **GRANTED in part** and **DENIED in part**, as explained below.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 26(c):

Because the Court finds that the terms of this Order are fair and just, and that good cause has been shown for entry of a protective order governing the appropriate retention of dash-cam video in this action, the MPD shall preserve the dash-cam video that it has preserved—subject to the litigation hold and the plaintiffs' preservation requests—that pre-dates the February 22, 2017 filing of this lawsuit; otherwise, the MPD need not retain dash-cam video that post-dates the February 22, 2017 filing of this lawsuit, beyond the standard 120-day retention period, as provided in SOP 730, for purposes of this lawsuit.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any order herein or part thereof may be filed within fourteen days of service of this Order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case

3

filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this <u>1st </u>day of August, 2017.

                                                **BY THE COURT:**

                                   <u>*s/ David E. Jones*            </u>
                                   DAVID E. JONES
                                   United States Magistrate Judge