CHARLES COLLINS, TRACY ADAMS on behalf
of her minor child, D.A., CALEB ROBERTS,
STEPHEN JANSEN, GREGORY CHAMBERS,
ALICIA SILVESTRE, JERIMIAH OLIVAR,
DAVID CROWLEY, and JEREMY BROWN,

                Plaintiffs,                Case No. 17-CV-234

  v.

**MINUTE SHEET**

CITY OF MILWAUKEE,
MILWAUKEE POLICE AND FIRE COMMISSION,
and CHIEF EDWARD FLYNN,

                Defendants,

---

**Hon. David E. Jones, presiding.**    **Deputy Clerk:** Tony Byal

**Type of proceeding:**    TELEPHONIC PRE-MOTION CONFERENCE

**Date:** March 27, 2018 at 2:00 PM    **Court Reporter:** FTR Gold

**Time Commenced: 2:01:01**    **Time Concluded: 3:23:29**

**Appearances:**    **Plaintiff:** Jon-Michael Dougherty, Hwa Young Jin
                        **Defendant:** David A. Frank, Joseph M. Russell

**Comments:**

Court:

- Received agenda from plaintiffs. Discusses deposition topics that have been resolved. Will discuss deposition topics that still have not been resolved with parties and why plaintiffs need to go back before 2011 for documents.

Plaintiffs:

- Met and conferred with defendants today.
- Lawsuit dates back to 2008. Needs to understand policies regarding stop and frisk problems in Milwaukee and how data was collected and utilized in the early days of the policy. Needs to look at changes, patterns, and shifts.
- Requests to move date up to May 2009 regarding traffic enforcement policy. Reports talk a lot about traffic stops because they are more robust and complete.

Defendants:

- This would create burden. Difficult to prep someone going back to 2008. A more recent start date would ease burden. Moving date to 2009 will also cause complications. Statute of limitations start at 2011.

Court:

- Defendant is obligated to prepare for depositions going back to January 2011. Plaintiffs may ask questions regarding pre January 2011. Person may or may not answer questions depending on their knowledge of pre January 2011 policies. Preparing depositions dating back to 2008 is burdensome. If there are issues during depositions, plaintiffs may readdress this with the Court.
- January 2011 cutoff applies to all deposition topics.

**Parties discuss issues regarding deposition topics.**

Defendants:

- Volume of phrases cover a lot of law enforcement strategies used by agencies around the country. Less than a month away from close of discovery. Trying to prepare someone on all these topics will be burdensome. Will make good faith effort.

Plaintiffs:

- Items in topic 1 relate to materials produced my MPD.
- Items in topic 2 are materials relating to outside research that MPD relies on.

**Topic 5**

Defendants:

- Discusses concerns regarding maps used by officers. Does not know what plaintiffs are looking for. Would be burdensome to have someone testify how this is broken up between districts.

Plaintiffs:

- Limits request to positions no lower than lieutenants creating maps. There are other maps created at higher levels between more senior leaders.

Court:

- Should focus on leadership of MPD and what maps they were issuing to officers.

**Topic 8**

Defendant:
- Performance evaluations might be handled differently now with new leadership. It is more important to find out how current performance evaluations are done, not old ones.

Plaintiff:
- This case involves questions regarding to what extent stopping and frisking was encouraged, demanded, or rewarded/penalized. Needs to understand how this was used in performance evaluations.

Court:
- Would not be burdensome to have representative say how it worked in prior evaluation systems going back to 2011. Plaintiff to focus on contacts and stops aspect of reviews.

**Parties discuss discovery deadline.** Defendants are requesting to have discovery close on April 30. Plaintiffs want discovery deadline to be April 23.

Plaintiffs:
- Would be more comfortable if deadline is four weeks before trial. Does not want discovery issues lingering.

Defendants:
- Has good cause to extend discovery. Summarizes work that needs to be done between now and discovery deadline.

Court:
- Discovery deadline will remain on April 23. If defendants can't get everything done by then, they can raise this issue with the Court.

**Parties discuss plaintiffs' supplemental reports:**

Defendants:
- Would be helpful to have due date for plaintiffs' supplemental reports.
- Would like to depose expert witnesses again if there are supplemental reports filed.

Plaintiffs:

- Wants to reserve right to file supplemental expert reports. Just received defendants' expert reports and is in the process of going over them. Still determining if supplemental reports will be needed. Will give defendants more than adequate time to review them if filed.

Court:

- Directs plaintiffs to let defendants know by the end of this week whether or not they plan on filing supplemental expert reports. Plaintiffs are to give defendants a date in which these would be filed.

**Parties discuss privilege log.**

Defendants:
- Plaintiffs moved for class certification last night.
- Is entitled to look at non-privilege communication between lawyers and non-lawyers.
- Some people are not identified as an author or recipient of communications. Descriptions in logs are inadequate. Hundreds of descriptions are not dated.
- Asked for revised privilege log, but plaintiffs are not providing one.

Plaintiffs:
- Specific documents are undated. They are paper documents that came out of filing cabinets maintained by ACLU in Wisconsin. Documents of concern to defendants provide no information on who wrote it and who it was sent to. Unable to clarify this.

Court:
- Directs plaintiffs to take another look at privilege log to see if they can add more information. Plaintiff to create index to identify names on log.
- Parties to decide by end of this week if they want the Court to conduct an in camera review of documents. Parties to send no more than 25 entries to the Court by Monday, 04/02/2018, if they want this.

Sets telephonic pre-motion conference for 04/02/2018 at 2:00 PM to discuss any remaining issues regarding deposition topics, discovery, and privilege log.